**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBERTO ALVARADO-ALIMAN, AKA Roberto Alvarado-Aleman, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70273 <br><br> Agency No. A088-889-294 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Roberto Alvarado-Aliman, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's finding that Alvarado-Aliman failed to establish a nexus between the harm he suffered and fears and a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (petitioner must provide *some* evidence of motive, direct or circumstantial). In light of our conclusion, we need not reach Alvarado-Aliman's challenge to the BIA's finding regarding the cognizability of his proposed social group. Thus, Alvarado-Aliman's withholding of removal claim fails.

Substantial evidence also supports the BIA's conclusion that Alvarado-Aliman failed to establish it is more likely than not he would be tortured in Honduras by or with the consent or acquiescence of a government official. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 748 (9th Cir. 2008), *overruled on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Thus, Alvarado-Aliman's CAT claim fails.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471,

483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**